FILED

2010 Mar-16  PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDREW BOURNE and TAMALA BOURNE,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action Number |
| **v.** | ) | **2:09-cv-1585-AKK** |
| | ) | |
| **ARK-LA-TEX FINANCIAL SERVICES, BENCHMARK MORTGAGE, CHRIS BEALE, ROBERT ROLAND JR., OHIO SAVINGS BANK, AMTRUST BANK, PETER GOLDBERG, JO ANN BOYLAN, MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, R.K. ARNOLD, BILL HULTMAN,** | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court are motions to dismiss filed by defendants ARK-LA-TEX

Financial Services ("ARK-LA-TEX"), Ohio Savings Bank,[1] AmTrust Bank

("AmTrust"), Peter Goldberg ("Goldberg"), Jo Ann Boylan ("Boylan"), Mortgage

Electronic Registration Systems ("MERS"), R.K. Arnold ("Arnold"), and Bill

---

[1]AmTrust was formerly known as Ohio Savings Bank.  Doc. 7 at 1.  The AmTrust motion to dismiss therefore applies to both.

Hultman ("Hultman") (collectively, "defendants").  Docs. 6, 8, 10, 12, 14, 16, and

22.  Defendants ask this court to dismiss plaintiffs Andrew Bourne and Tamala

Bourne's ("plaintiffs") Amended Complaint, (doc. 1), for failure to state a claim.

Defendants Arnold, Boylan, Goldberg, and Hultman additionally allege lack of

personal jurisdiction.  For the reasons set forth below, the court GRANTS the

motions and DISMISSES plaintiffs' claims.

## I.  PROCEDURAL BACKGROUND

Plaintiffs filed a complaint against defendants in state court on July 8, 2009,

 (doc. 1, Compl.), based on alleged violations of federal and state law with respect

to the plaintiffs' mortgage.  Plaintiffs filed an amended complaint on July 13,

2009, which merely restated, verbatim, the allegations of the original complaint.[2]

Doc. 1, Am. Compl.  Defendants removed the case to this court on August 7,

2009, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, noting that both

federal question and diversity jurisdiction are present.  Doc. 1.  This court

subsequently dismissed with prejudice defendants Chris Beale, Robert Roland, Jr.,

and Benchmark Mortgage, Inc., concluding that those defendants had no

connection to or involvement with the mortgage at issue.  Docs. 32 and 33.

---

[2]The amended complaint attached to the Notice of Removal omits the signature page
attached to the original complaint.  Doc. 1, Am. Compl.

The remaining defendants have each filed a motion to dismiss:  AMTrust, (doc. 6); MERS, (doc. 8); Goldberg, (doc. 10); Boylan, (doc. 12); Arnold, (doc. 14); Hultman, (doc. 16); and ARK-LA-TEX, (doc. 22).  The court granted plaintiffs an extension to file their response until November 6, 2009.  Doc. 26.  Plaintiffs finally responded on December 22, 2009.  Doc. 35.  Defendants then moved to strike the response or, in the alternative, for leave to file a reply brief.  Doc. 37.  This court granted the alternative motion for leave, (doc. 38), and defendants filed their joint reply on February 12, 2010.  Doc. 39.  The matter is fully briefed and ripe for resolution.

## II.  APPLICABLE STANDARDS

### A.  *Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) authorizes a motion to dismiss based on the defense that the court lacks personal jurisdiction.  "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant."  *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002).  If the plaintiff sustains that burden, the "burden shifts to the defendant to make a prima facie evidentiary showing, by affidavits or otherwise, that personal jurisdiction is not present. . . .  If the defendant sustains that responsibility, the plaintiff is then required to substantiate the jurisdictional

allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint." *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). "However, the allegations in the complaint still must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Mercantile Capital*, 195 F. Supp. 2d at 1247 (citing *S & Davis Int'l.*, *Inc. v. Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000)).

## B. *Motion to Dismiss for Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citing *Bell Atl. Corp.*, 550

U.S. at 557).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for specified causes of cause: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In addition, Federal Rule of Civil Procedure 10(b) requires parties to provide some order to their pleading. Namely, a party must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. *See also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true. *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950.

Furthermore, Federal Rule of Civil Procedure 8(e) requires courts to construe pleadings "so as to do justice." Courts are particularly cautious to read pleadings liberally when a party is proceeding *pro se*. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education."). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (citations omitted). A *pro se* party must meet minimal pleading standards – "conclusory allegations and unwarranted deductions of fact" are not entitled to an assumption of truth. *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 458 (S.D. Fla. 1998) (citation and internal quotation marks omitted).

6

# III.  ANALYSIS

In general, when considering a motion to dismiss under Rule 12(b), the court should address jurisdictional defects before examining other defenses, such as a failure to state a claim.  *See Madara v. Hall*, 916 F.2d 1510, 1513-14 (11th Cir. 1990).  Consequently, the court will first address the arguments raised by defendants Arnold, Boylan, Goldberg, and Hultman with respect to personal jurisdiction.  The court will then examine the remaining defendants' claims under Rule 12(b)(6).

## A.  *Defendants Arnold, Boylan, Goldberg, and Hultman Are Dismissed for Lack of Personal Jurisdiction.*

"A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state."[3]  *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000)

---

[3]Although Arnold, Boylan, Goldberg, and Hultman only addressed the personal jurisdiction analysis when a federal court is sitting in diversity, this court has diversity *and* federal question jurisdiction over this matter.  And "[p]ersonal jurisdiction in a federal question case is governed by the Fifth Amendment's due process clause rather than by its Fourteenth Amendment counterpart."  *Steir v. Girl Scouts of USA*, 218 F. Supp. 2d 58, 62 n.2 (D.N.H. 2002).  However, when the federal question arises "under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction."  *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996).  *See also Gregory v. EBF & Assoc., L.P.*, 595 F. Supp. 2d 1334, 1336 (S.D. Fla. 2009).  Consequently, because the federal statutes at issue here are silent regarding service of process, the personal jurisdiction analysis is the same regardless of whether the court's subject matter jurisdiction rests on federal question or diversity jurisdiction.

(citation omitted).  The Supreme Court of Alabama has determined that Alabama's long-arm provision, Rule 4.2(b), Ala. R. Civ. P., "extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions." *Hiller Invs. Inc. v. Insultech Group, Inc.*, 957 So. 2d 1111, 1115 (Ala. 2006).  For the purpose of determining personal jurisdiction, due process guaranteed under the Alabama Constitution is coextensive with that guaranteed under the federal Constitution.  *Id*.

The Supreme Court has determined that personal jurisdiction may be "general" or "specific."  A state exercises general jurisdiction when the suit does not arise out of or relate to the defendant's contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984).  By contrast, the state exercises specific jurisdiction when the suit arises out of or relates to the defendant's contacts to the forum state.  *Id.* at 414 n.8.  In either case, due process requires that the defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted).  Further, the defendant must have purposefully availed itself of the forum such that it could reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 297 (1980).  *See also Ex Parte McInnis*, 820 So. 2d 795 (Ala. 2001) (corporate officers must have engaged in actions purposefully directed to the forum to create personal jurisdiction).

Plaintiffs' amended complaint fails to make a *prima facie* case for personal jurisdiction over Arnold, Boylan, Goldberg, and Hultman.[4]  In fact, the amended complaint alleges *no* jurisdictional facts with respect to any of these defendants – it does not provide their place of residence or allege any facts linking them to the Bournes' mortgage note.  *See* Doc. 1, Am. Compl.  Moreover, these defendants have each filed declarations establishing that the court has neither general nor specific jurisdiction over them.  Specifically, each declared separately that they are non-Alabama residents, have had very limited or no physical contact with Alabama, do not own property or other assets in Alabama, earn no income attributable to Alabama, have never filed taxes in Alabama, have never personally solicited or conducted business in Alabama, and have never previously sued or been sued in Alabama.  Doc. 14-1 ¶¶ 4, 6-8, 10, 11; Doc. 12-1 ¶¶ 2-7, 9, 10; Doc. 10-1 ¶¶ 2,3, 5-7, 9, 10; Doc. 16-1, ¶¶ 2-4, 6-8, 10, 11.

With respect to specific jurisdiction, each defendant avers that even if the

---

[4]Plaintiffs erroneously identify Bill Hultman as Bill "Huffman" in their amended complaint.

amended complaint could be read to attribute specific actions to them individually, they performed none of those actions in Alabama and they have never had any personal dealings plaintiffs or their mortgage loan with AmTrust Bank.  Doc. 14-1 ¶ 14; Doc. 12-1 ¶ 13; Doc. 10-1 ¶ 13; Doc. 16-1 ¶ 14.

Plaintiffs' reply fails to address *any* of the personal jurisdiction arguments raised in the responses and declarations submitted by Arnold, Boylan, Goldberg, and Hultman.  *See* Doc. 35; *Brewer v. Purvis*, 816 F. Supp. 1560, 1579 (M.D. Ga. 1993) ("Summary judgment is appropriate since plaintiff failed to respond to [defendant's] argument on this issue.");  *see also Smith v. Weeks*, No. 01-6038, 2002 WL 31750203, at *4 (E.D. Pa. Dec. 9, 2002) ("Ordinarily, when a party against whom a motion to dismiss is filed does not respond to the motion, there is a presumption that the non-moving party acquiesces in the factual allegations of the moving party's motion.").  Consequently, because plaintiffs have not met their burden of establishing that these defendants have contacts with Alabama such that they could reasonably anticipate being haled into court here, all claims against Arnold, Boylan, Goldberg, and Hultman are dismissed.[5]

---

[5]A dismissal pursuant to 12(b)(2) is not an adjudication on the merits and, consequently, is generally not done with prejudice.  *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1351 (3d ed. 2009).  To the extent that the court determines that certain claims are due to be dismissed with prejudice in section C below, those claims are dismissed with prejudice for all defendants.

**B.**    ***Defendants AmTrust , MERS, and ARK-LA-TEX Are Entitled to Dismissal Because the Complaint Fails to State a Claim for Relief.***

The Eleventh Circuit has emphasized that, while the pleading standards under the Federal Rules of Civil Procedure are lenient, "'it is axiomatic that defendants remain entitled to know exactly what claims are being brought against them.'" *Waters Edge Living LLC v. RSUI Indem. Co.*, No. 08-16847, 2009 WL 4366031, at *5 (11th Cir. Dec. 3, 2009) (citing *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1250 (11th Cir. 2003)) (dismissing count when complaint failed to provide the statutory provisions forming the basis of the claim).  Moreover, "vague and conclusory" allegations devoid of factual content are insufficient. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268, 1270 (11th Cir. 2009) (dismissing conspiracy claims when, among other things, the complaint failed to identify the scope of or participants in the alleged conspiracy).  For example, in an employment discrimination case, the Eleventh Circuit determined that a complaint merely alleging that plaintiffs were "denied promotions . . . and treated differently than similarly situated white employees solely because of [] race" inadequately plead a claim for relief under Rule 8.  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).  The court determined that the statement "epitomize[d] speculation" and thus was insufficient under Rule 8.  *Id.*

11

*Pro se* complaints, while construed liberally, must also meet Rule 8's low threshold.  In *Todd v. Alabama Power*, No. 09-0746, 2010 WL 749334 (S.D. Ala. Mar. 1, 2010), the court dismissed without prejudice a *pro se* complaint that failed to provide facts demonstrating how the defendants had discriminated against him and how such discrimination interfered with his property rights.  The court thus concluded that plaintiff's claim under 42 U.S.C. §1982 lacked plausibility.  *Id.* at *4.  Similarly, in another recent case from the Southern District of Alabama, the court dismissed without prejudice a prisoner complaint alleging constitutional rights violations based on "overcrowding, lack of security, health hazard conditions" and that specified defendants were responsible for the violations due to a failure to train staff and enforce administrative regulations.  *Mabien v. Riley*, No. 08-00728, 2009 WL 4609763, *2-3 (S.D. Ala. Dec. 1, 2009).  The court concluded that the plaintiff had provided only "naked assertions" and that, without supporting factual allegations, the claims were speculative at best.  *Id.* at * 3.

Here, plaintiffs' amended complaint is replete with the type of naked assertions rejected in *Iqbal*.[6]  Moreover, the allegations in the complaint merely

---

[6]The court notes that Judge William Acker recently dismissed with prejudice a nearly identical complaint filed in a separate, and unrelated, action.  *Winston v. Mortgage Elec. Registration Sys., Inc.*, No. 10-89, Doc. 17 (N.D. Ala. Mar. 2, 2010).  The striking similarity between the complaints suggests to this court that plaintiffs here may have copied and pasted a complaint from the internet or some other publicly-available source, which may explain why it is devoid of factual assertions.

parrot the law – such legal allegations, divorced from any related facts, are neither

entitled to a presumption of truth nor do they satisfy the minimal requirements of

Rule 8(a).  *Iqbal*, 129 S. Ct. at 1949-50.

Plaintiffs state that they are "filing a complaint for Fraud and . . .

Collusion."  Doc. 1, Am. Compl. at 63.[7]  Plaintiffs then state:

> The mortgage note on my home is in violation of laws and regulations
> that have been set in place to protect the American consumer.  These
> include but are not limited to, the Truth in Lending Act, (TILA),
> Consumer Protection Act, Real Estate Settlement Procedures Act,
> (RESPA), at 15 USC § 1601 et seq. and 12 USC § 2601 et seq., and
> the Home Ownership and Equity Protection Act or (HOEPA).[8]  My
> rights as a consumer have been grossly violated.  Furthermore, there
> appears to be the Case of Collusion between these entities against
> [plaintiffs].  The year of our loan is not beyond the statute of
> limitations.

Doc. 1, Am. Compl. at 63-64.  Notably, neither here nor elsewhere in the amended

complaint do the plaintiffs set forth basic facts about the transaction, such as: the

property for which they obtained a mortgage, the date or dates on which they

negotiated or signed the mortgage, the circumstances surrounding those

---

[7]The amended complaint does not contain page numbers or sequentially numbered paragraphs as required by Rule 10.  For ease of reference, the court refers to the page numbers assigned by CM-ECF.  The amended complaint appears at pages 63-72 of defendants' Notice of Removal.  Doc. 1.

[8]The Truth in Lending Act ("TILA"), which is part of the Consumer Credit Protection Act, is codified at 15 U.S.C. § 1601 *et seq.*  The Home Ownership and Equity Protection Act ("HOEPA"), added as an amendment to TILA, is codified at 15 U.S.C. § 1639.  The Real Estate Settlement Procedures Act ("RESPA") is codified at 12 U.S.C. § 2601 *et seq.*

negotiations, and what dealings with the defendants, if any, they have had since they signed the mortgage.[9]  Further, the plaintiffs' assertion that their rights "as a consumer have been grossly violated" is exactly the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court rejected in *Iqbal*. 129 S. Ct. at 1949.

Moreover, the allegations set forth in the plaintiffs' four counts equally fail to shed any light on the precise conduct of which the plaintiffs complain. Count I presents a nine-item list of alleged violations of procedures related to the closing on the plaintiffs' mortgage note.  Doc. 1, Am. Compl. at 64-65.  However, plaintiffs' "facts" are, in actuality, simply "labels and conclusions" based on various statues and regulations that guide home mortgage transactions.  *Iqbal*, 129 S. Ct. at 1949.  As such, they are not entitled to a presumption of truth.  *Id.* at 1950.  For instance, with respect to items 1 and 2, plaintiffs state that they did not receive a three-day cool-off period prior to signing their loan or receive a HUD booklet or good faith estimate within three days of making their application.  The

---

[9]The court notes that defendants have attached the plaintiffs' note, mortgage, Truth-in-Lending Act Disclosure, and HUD-1, which provide some of the missing information.  Doc. 6, Exs. A-D.  For example, the court can ascertain from these documents that the plaintiffs obtained their mortgage on January 23, 2007.  Doc. 6, Ex. B.  Extrinsic documents such as these may be considered without converting a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56 when the documents are referred to in the complaint and are central to the plaintiffs' claims.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

court could credit these allegations as true if, for example, plaintiffs had provided any information on when they made application and when they signed their loan. They did not.  On item 6, plaintiffs stated that they did not receive signed copies of the loan transaction "within a reasonable amount of time or never during the entire period of the loan agreement to date."  From this statement, neither the court nor defendants can reasonably ascertain whether the plaintiffs are alleging that they *never* received signed copies of the loan transaction or that they received them, but only after a time period plaintiffs consider unreasonable.  Consequently, the court determines that plaintiffs have failed to state a plausible claim under Count I for violation of RESPA, HOEPA, or TILA.

Count II fares no better.  In fact, at this point, plaintiffs appeared to have dispensed with any attempt to present any facts whatsoever.  Plaintiffs state that they "may be a victim of predatory lending" and that they are "disputing the validity of the current debt you claim I owe."  Doc. 1, Am. Compl. at 65. Plaintiffs then state:

> You as the Lender, have continued and so continue, to violate Title 15 United States Code, Section 1601 et seq., Regulation Z, Title 12 Code of Federal Regulation, Part 226, 12 USC § 260 et seq., 12 Code of Federal Regulations, part 3500 and 31 USC § 1901 which was adopted pursuant to the Consumer Protection Act by failing to properly make disclosures.

Doc. 1, Am. Compl. at 65.  In addition to the fact that using labels such as "you"

makes it nearly impossible to determine to whom the allegation is directed,

plaintiffs simply present no facts that demonstrate what sort of "predatory lending"

the defendants have engaged in or what "disclosures" plaintiffs did not receive.

Like Count I, Count II is merely a collection of allegations and legal conclusions

unsupported by any factual basis.

Count III is devoid of both legal citation and factual support.  Rather, it is a

list of allegations directed entirely to an unspecified "you."  Doc. 1, Am. Compl. at

65-66.  For example, the first allegation states: "Your solicitation implies that you

will lend money or extend credit for purchases."   Doc. 1, Am. Compl. at 65.

Item ten contends: "You harass Mortgage holders when they demand answers and

explanations to these and other questions."   Doc. 1, Am. Compl. at 66.  This claim

or series of claims presents neither factual nor legal information sufficient to

provide defendants notice of what plaintiffs complain.  *See Waters Edge Living*,

2009 WL 4366031, at *5.

Finally, Count IV alleges "collusion" by all defendants and states:

> There seem to be an elaborate scheme which has been perfected
> between the defendants to receive credits from the homeowner which
> has paid for the homestead, and then to charge through fraudulent
> agreements three to four times the original value of the property while
> through the aide of even government officials to place fraudulent

> liens, and claims upon the property and then steal by force the
> property from the homeowner.  It has been brought to the attention of
> our representatives that these so called lenders do not have the right
> to foreclose on something that they do not own, nor are holders in due
> course of.  This collusion is perfected by all of the defendants being
> participants in this matter.

Doc. 1, Am. Compl. at 66-67.  Even assuming that this states a claim for

conspiracy,[10] plaintiffs have failed to allege any facts that make such a conspiracy

plausible.  *See Sinaltrainal*, 578 F.3d at 1268, 1270.  Nor do plaintiffs explain

how, if it even exists, the conspiracy has harmed *them* specifically.  Furthermore,

although the amended complaint suggests that plaintiffs have defaulted or fear that

they are in danger of defaulting on their loan, plaintiffs have provided no

information about the current state of their loan.

Under the heading of Count IV, plaintiffs also "rescind[] the application and

any agreement" between the parties "on the grounds that the execution of the

application/agreement by the undersigned was obtained through fraud,

misrepresentation, and deceit, through the mutual mistake of both parties, and

through the unilateral mistake fo the undersigned induced by words, acts, and

conduct business ARK-LA-TEX FINANCIAL SERVICES and OHIO SAVINGS

BANK, ET AL as seller as well as fraud, extortion, and conversion during

---

[10]As noted by defendants, "collusion" is not a valid cause of action under Alabama law.
*See* Doc. 7 at 3.

agreement." Doc. 1, Am. Compl. at 67-68. Again, plaintiffs provide *no* factual allegations that would support their legal conclusions. Further, to the extent plaintiffs allege fraud, they fail to meet Rule 9's heightened pleading standards.

The remainder of the amended complaint is an indecipherable collection of legal definitions, quotations, and demands. Doc. 1, Am. Compl. at 69-72. The court finds no facts whatsoever within these paragraphs, and certainly none that would make plaintiffs' four counts plausible under *Bell Atlantic* or *Iqbal*.

Moreover, plaintiffs' response does not even attempt to address any of the arguments raised by defendants, namely that the pleading is insufficient, that the claims are time-barred, or that the claims fail on the merits. Rather, plaintiffs refer vaguely to a "fraud upon this court" and make further allegations of wrongdoing by defendants: "Plaintiff intends to assert affirmative charges for set off violations to the Truth in Lending Act, and a claim for damages for RICO, TILA violations, usury, fraud in the inducement and fraud in the execution, damages for appraisal fraud, quiet titles, and malicious abuse of process among other causes of actions." Doc. 35 at 5-6. Putting aside the fact that it is procedurally improper to introduce new claims in a response to a motion to dismiss, plaintiffs simply provide the court with no explanation as to the legitimacy of their original claims.

In sum, reviewing the amended complaint in the light most favorable to

plaintiffs, and with the leniency afforded *pro se* parties, the court finds that it falls

far below the low threshold set by *Bell Atlantic* and *Iqbal*.  Not only would it be

fundamentally unfair to require defendants to defend themselves against this

complaint, it would require the court also to engage in impermissible speculation

and guesswork regarding both the facts and the harms alleged.

**C.    *Only Claims Clearly Barred by the Statute of Limitations or that Fail Substantively Are Dismissed  with Prejudice.***

Because plaintiffs have neither moved for leave to amend their complaint

nor even insinuated that they desire to do so, dismissal is appropriate.  *See*

*Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01-5518,

2003 WL 1751785, at *13 (S.D.N.Y. Apr. 2, 2003) (dismissing claims and noting

that plaintiffs had not moved for leave to amend).  Defendants argue that the

dismissal should be with prejudice.  Docs. 6, 8, 10, 12, 14, 16, and 22.  Generally,

dismissal with prejudice based on a failure to comply with Rule 8 is inappropriate

unless it is clear that repleading would be futile.  *See, e.g.*, *Dadgostari v.*

*Katherine Gibbs Schs., Inc.*, 67 Fed. Appx. 38, 40 (2nd Cir. 2003) (dismissal

based on failure to adhere to the requirements of Rule 8(a) should have been

without prejudice); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806

F.2d 1393, 1402 (9th Cir. 1986) (dismissal should have been without prejudice

when district did not, and could not, conclude that allegation of other facts could not cure pleading deficiencies).

However, the court agrees with defendants that plaintiffs cannot rehabilitate certain claims by proper pleading.  Specifically, any TILA, HOEPA, and RESPA claims based on the alleged failure to provide adequate disclosures at closing are barred by the one-year statute of limitations, which runs from the date of the transaction.  The TILA provides, in relevant part: "Any action under this section may be brought in any United States district court, or any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e).  *See Williams v. Saxon Mortgage Servs., Inc.*, No. 06-0799, 2007 WL 2828752, at *3 (S.D. Ala. Sept. 27, 2007) (statute of limitations runs from date of loan transaction closing).  The HOEPA, as a subdivision of the TILA, is subject to the same one-year statute of limitations.  15 U.S.C. § 1639; *Williams*, 2007 WL 2828752, at *3.  Similarly, violations of sections 2607 and 2608 of RESPA, which regulate kickbacks, unearned fees, and title insurance purchases, are also subject to a one-year statute of limitations running from the date of the loan settlement.  12 U.S.C. § 2607 (regulating kickbacks and unearned fees); 12 U.S.C. § 2608 (regulating title insurance purchases); 12 U.S.C. § 2614 (providing a one-year statute of limitations for violations of sections 2607 and 2608);

*Bradford v. WR Starkey Mortgage, LLP*, No. 06-0086, 2008 WL 4501957, at *2

(N.D. Ga. Feb. 22, 2008) (date of the loan closing is the date of the occurrence of

the violation under 12 U.S.C. § 2614).[11]

      The loan documents attached to AmTrust's Motion to Dismiss clearly

establish that plaintiffs' loan closed on January 23, 2007.  Doc. 6, Exs. A-D.  The

plaintiffs did not dispute this fact in their response.  *See* Doc. 35.  Consequently,

to the extent plaintiffs seek to bring TILA, HOEPA, and RESPA claims, those

claims are dismissed with prejudice, as repleading would be futile.

      The court further agrees with defendants that any asserted right of rescission

under TILA section 1635(a) must also be dismissed with prejudice since

"residential mortgage transactions" are exempt from rescission.  *See, e.g.*,

*Washington v. Countrywide Home Loans, Inc.*, No. 08-10115, 2009 WL 2046155,

at *2 (S.D. Fla. July 9, 2009) (dismissing claim as "rescission is not available for a

residential mortgage transaction").  The loan transaction documents clearly

establish that plaintiffs obtained the AmTrust loan to finance the acquisition of

their home.[12]  Doc. 6, Exs. A-D.  Furthermore, plaintiffs did not dispute this fact in

---

[11]Section 2605 of RESPA is subject to a three-year statute of limitations.  12 U.S.C. § 2614.  To the extent the plaintiffs seek to plead such a claim, it is not time-barred and therefore not dismissed with prejudice.

[12]The court further notes that the mailing address plaintiffs provided to the court for these proceedings – 801 Treymoor Lake Circle, Alabaster, Alabama, 35007 – matches the address of

their response.  *See* Doc. 35.  Consequently, plaintiffs' claim, if any, for rescission under TILA, is hereby dismissed with prejudice.

All other claims, including plaintiffs' fraud claim, are dismissed without prejudice for the reasons stated herein.

This case is hereby DISMISSED.

DONE this 16th day of March, 2010.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

the property purchased with the AmTrust loan.

22